**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TINA M. KORMANIK, | DOCKET NUMBER |
| Appellant, | DA-0831-24-0478-I-2 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: April 24, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tina M. Kormanik</u>, Austin, Texas, pro se.

<u>Eva Ukkola</u>, <u>Angerlia D. Johnson</u>, and <u>Maureen Ann Kersey</u>,
Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed an Office of Personnel Management (OPM or the agency) final reconsideration decision finding that OPM had correctly calculated the appellant's Civil Service Retirement System (CSRS) deferred retirement annuity.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's implied finding that the appellant established the first two criteria for eligibility for reinstatement of a disability annuity previously terminated because of restoration to earning capacity, and to CLARIFY that issue, we AFFIRM the initial decision.

## BACKGROUND

The appellant retired from her position as a City Letter Carrier with the U.S. Postal Service in 1998 and began receiving a disability retirement annuity. *Kormanik v. Office of Personnel Management*, MSPB Docket No. DA-0831-24-0478-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 107. In 2008, OPM notified the appellant that it considered her to be restored to earning capacity and terminated her disability retirement. IAF, Tab 5 at 87. OPM's letter informed the appellant of how she could qualify for reinstatement of her disability annuity and that, otherwise, she would be eligible for a deferred non-disability annuity beginning on September 4, 2021, at age 62. *Id*. at 87-89. The appellant requested

reinstatement of her disability retirement annuity in 2012 but was denied because OPM found that she had not lost earning capacity. *Id.* at 70.

On February 20, 2021, the appellant submitted an application for a deferred CSRS retirement annuity. *Id.* at 62-68. In follow-up correspondence with OPM, the appellant alleged that she had applied for a "disability annuity" and requested that OPM recalculate her "disability retirement annuity." *Id.* at 45-47. On February 15, 2023, OPM issued an initial decision explaining that the appellant's disability retirement annuity had terminated in 2008 and that no errors were made in the calculation of her deferred annuity. *Id.* at 33-34. The appellant requested reconsideration, again asking the agency to "restore" her disability retirement annuity. *Id.* at 29. Before OPM issued its reconsideration decision, it notified the appellant that it had recomputed her deferred annuity and that as a result of the recomputation it had found that she had received an overpayment of $25.90. *Id.* at 26-28. On July 12, 2024, OPM issued the appellant a final reconsideration decision affirming the initial decision that found that the appellant's CSRS deferred annuity had been calculated correctly. *Id.* at 12-21. OPM did not address the overpayment but explained that the appellant was ineligible for reinstatement of her disability annuity under 5 U.S.C. § 8337(e) and that she was ineligible to have her deferred annuity calculated under disability provisions. *Id.* at 14.

The appellant filed an appeal with the Board. IAF, Tab 1. The administrative judge identified the issues in dispute and held a hearing. IAF, Tabs 13-14. He considered whether the appellant established that the agency incorrectly calculated her retirement annuity; whether the agency established that the appellant received an overpayment; and, if so, whether the appellant was entitled to waiver of the overpayment.[2] IAF, Tab 13 at 2. In a post-hearing order, the administrative judge explained that the appellant had raised a unique

---

[2] The appellant had also raised whistleblower retaliation, but she withdrew that claim at the hearing. IAF, Tab 13 at 2, Tab 15 at 1.

legal argument at the hearing: she claimed that as a former CSRS disability retirement annuitant, she was entitled to restoration of her previously terminated CSRS disability retirement annuity at age 61 because there are no income reporting requirements for that annuity at that age. IAF, Tab 15 at 1-2. The administrative judge found it appropriate to allow the parties the opportunity to submit written legal argument on the issue, and so he dismissed the appeal without prejudice subject to automatic refiling for the parties to submit additional briefings. IAF, Tab 15 at 2, Tab 16.

Both parties submitted additional legal argument upon refiling. *Kormanik v. Office of Personnel Management*, MSPB Docket No. DA-0831-24-0478-I-2, Appeal File (1-2 AF), Tabs 1, 3. The administrative judge then issued an initial decision affirming OPM's final reconsideration decision. I-2 AF, Tab 4, Initial Decision (ID) at 2. The administrative judge first found that the appellant did not establish entitlement to a greater retirement annuity. *Id.* at 5-10. He explained that although a disability annuitant who has their annuity terminated after being restored to earning capacity may be entitled to reinstatement of that annuity under 5 U.S.C. § 8337(e) and 5 C.F.R. § 831.1211(e), the appellant did not submit any evidence regarding her earnings for the years 2008 to present and thus did not show that she fell below the earnings threshold in any year. ID at 6-7. She therefore did not meet the statutory or regulatory requirements to have her disability retirement annuity restored. ID at 6-7. The administrative judge rejected the appellant's argument that OPM does not verify income for CSRS disability retirement annuitants for any year after the annuitant has reached age 60 and that thus her disability annuity should have been restored when she submitted her retirement application at age 61. ID at 7. He explained that although OPM does not enforce income restrictions for any year after an annuitant reaches age 60 for purposes of determining whether a *current* disability annuitant is restored to earning capacity, here the appellant was a *former* annuitant seeking restoration, and therefore OPM was required to

determine if she qualified for restoration of her disability retirement annuity, not whether she met the qualifications to continue a disability retirement annuity. ID at 7 (citing 5 C.F.R. § 831.1209). The administrative judge concluded that the statutory and regulatory requirements regarding restoration of disability retirement annuities "indisputably require" the appellant to establish that she lost her earning capacity, which she did not do. ID at 8 (citing 5 U.S.C. § 8337(e); 5 C.F.R. § 831.1211(a), (e)). He also noted that the appellant's right to restore her disability retirement annuity extinguished at age 62, or when she received or was eligible to receive another type of CSRS retirement annuity. ID at 8.

With regard to the appellant's other annuity-related arguments, the administrative judge concluded that the appellant did not show that OPM improperly failed to credit any of her Federal service or that it miscalculated her high-3 salary when calculating her deferred annuity. ID at 9-10. With respect to the other issues in dispute, the administrative judge found that OPM established the existence and amount of the overpayment, ID at 10-11, and that the appellant failed to establish entitlement to a waiver of the overpayment or adjustment to the collection schedule, ID at 11-12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments on petition for review are unavailing.

On review, the appellant does not challenge the administrative judge's findings that she did not show that OPM failed to credit any of her Federal service, ID at 9, that OPM established the existence and amount of the overpayment, ID at 10-11, and that she did not prove entitlement to a waiver of the overpayment or adjustment to the collection schedule, ID at 11-12. With respect to these issues, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned

conclusions, and we therefore discern no reason to disturb his findings. *See, e.g.,* *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

Instead, the appellant continues to assert that her 2021 application was a request for reinstatement of her disability annuity, and she reargues that she met the three statutory and regulatory requirements necessary for restoration of a disability annuity. PFR File, Tab 1 at 11-12. She also states that "[t]here is no statutory provision limit to requesting the reinstatement of disability retirement before the age of 62." *Id.* at 12.

An individual seeking retirement benefits bears the burden of proving her entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). As the administrative judge correctly explained in the initial decision, disability annuitants who have their annuity terminated after being restored to earning capacity may be entitled to reinstatement of that annuity. *See* 5 U.S.C. § 8337(e); 5 C.F.R. § 831.1211(e). Both the applicable statute and regulations provide that, to be eligible for reinstatement of a disability annuity previously terminated because of restoration to earning capacity, an annuitant must show that (1) they are not reemployed in a position subject to civil service retirement coverage; (2) they have not recovered from the disability for which they retired; and (3) they have lost earning capacity in a year before reaching age 62. 5 U.S.C. § 8337(e); *White v. Office of Personnel Management*, 72 M.S.P.R. 672, 674 (1996); 5 C.F.R. § 831.1211(e).

In the initial decision, the administrative judge stated, "it appears uncontested that the appellant established the first two requirements, but she failed to establish the third." ID at 6. With regard to the third requirement, the administrative judge explained that because the appellant did not submit any evidence regarding her earnings for the year 2008 to present, she did not establish

that she fell below the earnings threshold in any year relevant to the appeal. ID at 6-7. The administrative judge then went on to address the appellant's claims that OPM does not verify income for CSRS disability retirement annuitants after age 60 and that the appellant was entitled to have her CSRS disability retirement annuity reinstated at age 61 and, as discussed above, explained why such claims are unavailing. ID at 7-9.

Initially, we note that we disagree with the administrative judge that it appeared "uncontested" that the appellant established the first two criteria under 5 U.S.C. § 8337(e) and 5 C.F.R. § 831.1211, set forth above. Although not raised on review, OPM argued in its post-hearing response that "[t]here is no provision of the law that would allow OPM to automatically reinstate previously terminated disability annuitants benefit [sic] at age 61" and that individuals must request and submit additional documentation regarding their entitlement or right to have the disability benefit reinstated. I-2 AF, Tab 3 at 7. The agency alleged that, here, the appellant did not show that she met the three criteria for reinstatement because she "never made a written request, informed OPM whether she was federally employed, or submitted any medical documents for OPM to make a reinstatement determination." *Id.* at 6.

We agree with OPM that the appellant never properly requested reinstatement of her disability annuity. Although the appellant has repeatedly characterized her February 20, 2021 application as a request for reinstatement of a disability annuity, she in fact, without question, filed an application for a deferred CSRS retirement annuity. IAF, Tab 5 at 62-68. The OPM Form 1496A that she submitted very clearly identifies itself as an "Application for Deferred Retirement." *Id.* at 62. The appellant seemed to justify below that she believed that this application was a request for reinstatement of a disability annuity because she listed her disability retirement claim number on the form in section "F"; however, section "F" merely seeks background information regarding whether individuals have previously filed any application under CSRS. *Id.* at 46,

The appellant also particularly pointed out that OPM does not require a special form to apply for reinstatement of a disability annuity. I-2 AF, Tab 1 at 1. She is correct. OPM's Form RI 30-9 "Reinstatement of Disability Annuity Previously Terminated Because of Restoration to Earning Capacity," which informs individuals of the three criteria discussed above to be eligible for reinstatement of a disability annuity previously terminated because of restoration to earning capacity and how to submit their reemployment, medical, and income information, specifically states that "no special form is needed to apply." IAF, Tab 5 at 35-36. However, such a notation does not suggest that individuals can submit their requests on an entirely separate and individual OPM form that does not reference an application or request for reinstatement of a disability annuity and does not include the necessary reemployment, medical, and income information. We note that the appellant should have already had some awareness of these requirements since she requested reinstatement of her disability retirement annuity in 2012. *Id.* at 70.

To this end, as OPM protests in its post-hearing response, there is also no record evidence in this case that indicates that the appellant informed OPM of whether she was federally employed, and there is no indication that she submitted any medical information for OPM to make a reinstatement decision. *See* I-2 AF, Tab 3 at 6. Although the appellant makes conclusory assertions that she never worked for the Federal Government again and has permanent medical conditions, she provides no documentary evidence to support her claims. *See* PFR File, Tab 1 at 12. Because of this, it is certainly not evident to us that the appellant indeed established the first two criteria under 5 U.S.C. § 8337(e) and 5 C.F.R. § 831.1211(e). As a result, we MODIFY the initial decision to VACATE the administrative judge's implied finding that the appellant established the first two requirements regarding eligibility for reinstatement of a disability annuity previously terminated because of restoration to earning capacity. *See* ID at 6.

Nevertheless, we agree with the administrative judge that the appellant failed to submit any evidence establishing that she fell below the earnings threshold in any year relevant to her appeal to satisfy the third criteria, and thus that she did not meet the statutory or regulatory requirements to have her disability retirement annuity restored. ID at 6-7. As discussed more below, the appellant's few arguments on this point in her petition for review are without merit. Consequently, we find it unnecessary to address the first two requirements under 5 U.S.C. § 8337(e) and 5 C.F.R. § 831.1211(e) any further.

With regard to the annuity issue, the appellant does not dispute in her petition for review the administrative judge's conclusion that OPM appropriately terminated her disability retirement annuity in 2008 when she was restored to earning capacity, ID at 4-6, or his analysis of the difference between current and former disability annuitants and his resultant finding that the only entitlement to restoration of a disability retirement annuity terminated due to a restoration to earning capacity is when the restoration requirements set forth above are met, ID at 7-8. Although the appellant generally restates that she believes she was not required to show that she lost earning capacity after age 60, merely rearguing the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review. PFR File, Tab 1 at 12; *Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

Instead, the appellant appears to disagree with the administrative judge's finding that "[u]nder the statute, unless the appellant lost her earning capacity before she reached age 62, which there is no evidence that she did, her rights to restore her disability retirement annuity extinguished at that time." ID at 8. In the appellant's petition for review, she asserts that "[t]here is no statutory limit to requesting the reinstatement of disability retirement before the age of 62." PFR File, Tab 1 at 12. However, as the administrative judge correctly pointed out in the initial decision, 5 U.S.C. § 8337(e) provides that that the restoration

provisions are inapplicable to an individual who has become 62 years of age and is receiving or is eligible to receive another type of CSRS retirement annuity, which is the case here. ID at 8.

The appellant also states in her petition for review that she disagrees with the administrative judge's comment that "the purpose of the disability retirement statute and regulations is not to compensate an employee for the existence of a disability, but to provide her with an annuity for that period during which they are disabled from providing for themselves." ID at 8 (citing *Heller v. Office of Personnel Management*, 63 M.S.P.R. 294, 297 (1994)). She suggests the administrative judge is confusing disability retirement and workers' compensation. PFR File, Tab 1 at 13. However, the administrative judge simply cited discussion from a well-known Board decision on this topic, and the appellant makes no showing of error.

Finally, in her petition for review, the appellant raises an issue with the administrative judge's discussion of the alleged miscalculation of her high-3 salary when calculating her deferred annuity. PFR File, Tab 1 at 13. In the initial decision, the administrative judge analyzed a Social Security/Medicare earnings statement that the appellant submitted as evidence that the agency failed to use the correct pay when calculating her average pay as well as the individual retirement record (IRR) that the agency submitted. ID at 10. The administrative judge stated that the appellant failed to explain why the higher amounts reflected on the earnings statement should have been used to calculate her high-3 average pay and noted, "[i]t appears more likely that the difference between the rates of basic pay on the appellant's IRR and her Social Security report is attributable to overtime wages," which are explicitly precluded from the calculation of "average pay" under 5 U.S.C. § 8331(3). ID at 10. On review, the appellant asserts that "[i]n review actual pay stubs from the period of the last three full years of work . . . my wages were not captured correctly by OPM." PFR File, Tab 1 at 13. She then discusses the circumstances of her employment, and she submits a

spreadsheet of her last 3 years of pay stubs by pay period and specific pay stubs where she claims she was promoted, for OPM to "correct" her wage records. *Id.* at 1-8, 14.

The appellant appears to be raising this issue for the first time. However, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Additionally, with regard to the documents she submits, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Furthermore, the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We find that the appellant has made no such showings here.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.